Kathlyn Selleck, Chapter 7 Trustee
PO Box 315396
Tamuning, GU 96931
671-689-8380
cetguam@gmail.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS
BANKRUPTCY DIVISION

| In re | ) | CASE NO. 24-00003 |
|---|---|---|
|  | ) | (Chapter 7) |
| AVELINA SABLAN SALAS and | ) |  |
| ANTONIO TAITANO SALAS, | ) | Hearing Date:  August 29, 2024 |
|  | ) | Time:  10:00 am |
| Debtors | ) | Judge: Hon. RAMONA |
|  | ) | MANGLONA |

**CHAPTER 7 TRUSTEE'S MOTION TO DISMISS CASE
FOR CAUSE PURSUANT TO 11 U.S.C. §707(a)**

Kathlyn Selleck, the Chapter 7 Trustee ("Trustee"), moves this Court for an order dismissing this case for "cause" pursuant to 11 U.S.C. §707(a) and Federal Rules of Bankruptcy Procedure Rule 1017.[1]

**I.  INTRODUCTION**

1.  This case should be dismissed for "cause" under Section 707(a) of the Bankruptcy Code. First, the Debtors expressed to the Trustee that they no longer wished to proceed with their case. Second, the Debtors testified that their daughter had prepared their schedules and statement of financial affairs, that they had not reviewed the documents before signing them, and that the documents contained numerous errors. Third, Debtor Antonio Salas did not appear at the meeting of creditors.

---

[1] All statutory references are to the Bankruptcy Code, 11 U.S.C. §§101-1330, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

1

## II.  FACTUAL BACKGROUND

2. This case commenced on May 29, 2024 with the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code.

3. The meeting of creditors was held on June 28, 2024 and continued on July 16, 2024. Debtor Avelina Salas appeared at the meetings, but her spouse, Antonio Salas did not appear.

4. Kathlyn Selleck, the Chapter 7 Trustee ("Trustee"), swore in Ms. Salas who then testified.  Ms. Salas testified that her daughter prepared the bankruptcy documents, that the Debtors had signed but did not review the bankruptcy documents before signing them, and that the documents contained numerous errors.  Ms. Salas further stated that she and her husband did not want to proceed with the bankruptcy and would pay back their creditors outside of bankruptcy.

5. The Chapter 7 Trustee does not oppose dismissal of this case.

6. The Debtors, among other things, disclosed their interest in real property located in As Lito Village, valued at $75,000 and subject to a 55-year lease of which approximately 32 years have passed.  If the case remained in Chapter 7, the Trustee would need an updated estimate of the present fair market value of the fee interest from the Debtors.  If the fair market value of the Debtors' interest in the Property exceeded the Debtors' available exemptions, the Trustee would attempt to sell this property for the benefit of creditors. However, it is the Trustee's understanding that the Debtors do not wish to lose the Property.

7. Attorney Michael White appeared at the 6/28/2024 341 meeting of creditors and questioned the debtor on behalf of the creditors. No creditor has contacted the Trustee about this case.

### III.  ARGUMENT

**A.  The Case Should Be Dismissed Because The Debtors No Longer Wish To Proceed With Their Chapter 7 Case, And There Has Been No Prejudice To Creditors.**

8. Section 707(a) authorizes the Court to dismiss a case for "cause." 11 U.S.C. §707(a). The types of conduct enumerated in § 707(a) as cause are not exclusive. *In re Padilla*, 222 F.3d 1184, 1191 (9th Cir. 2000).

9. A voluntary dismissal is proper unless it results in "plain legal prejudice" to the creditors. *See In re Cabral,* 202 WL 6556998 at *2 (BAP 9th Cir. 2020); *In re Int'l Airport Inn Partnership*, 517 F.2d 510, 512 (9th Cir. 1975) *citing* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364 at 165 (1971).

10. In this case, the Debtors no longer with to proceed with their case and have expressed their intention to deal with creditors outside of bankruptcy. Creditors will retain all enforcement rights they held prior to the Debtors' Chapter 7 filing. They will not be prejudiced by any dismissal.

11. The Trustee could have opposed dismissal of this case and taken a more aggressive approach to administering assets but is sympathetic to the Debtors who are elderly and may not have fully comprehended the consequences of this filing. Since there have been no significant steps taken by the Trustee to administer the assets or creditors to pursue claims against the Debtors, it appears that no party will be harmed by dismissal.[2]

---

[2] The only possible party who may be prejudiced is the Chapter 7 Trustee herself who has had to spend time reviewing and investigating this case and hypothetically could be losing out on a trustee commission, but as the movant, she obviously does not oppose dismissal.

IV.  **CONCLUSION**

For the foregoing reasons, the Trustee requests that, pursuant to 11 U.S.C. § 707(a), this Court dismiss this case and provide such other and further relief as is just and proper.

DATED:  Guam, July 17, 2024.

/s/ KATHLYN SELLECK  
Chapter 7 Trustee

## DECLARATION OF KATHLYN SELLECK

I, Kathlyn Selleck, hereby declare:

1. I am over the age of 18 years old, and I am competent to make this declaration. Except as otherwise stated, I make this declaration upon my personal knowledge. If called and sworn as a witness, I could and would testify competently thereto.

2. I am the Chapter 7 Trustee in this case.

3. I conducted the meeting of creditors held on June 28, 2024 and continued on July 16, 2024. Debtor Avelina Salas appeared at the meetings, but her spouse, Antonio Salas did not appear. I swore in Debtor Avelina Salas, and she testified.

4. Ms. Salas testified that her daughter prepared the bankruptcy documents, that the Debtors had signed but did not review the bankruptcy documents before signing them, and that the documents contained numerous errors. Ms. Salas further stated that she and her husband no longer wanted to proceed with the bankruptcy and would pay back their creditors outside of bankruptcy.

5. Ms. Salas, among other things, testified about their interest in real property located in As Lito Village. She testified that approximately 32 years of the 55-year lease have passed. If the case remained in Chapter 7, I would need an updated estimate of the present fair market value of the fee interest from the Debtors. It is my understanding that the Debtors do not wish to lose the Property.

6. Attorney Michal White appeared at the meeting of creditors held on 6/28/2024 on behalf of the creditors. I have not been contacted by any creditor about this case.

7. Under the circumstances of this case, I do not oppose dismissal of this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: Guam, July 17. 2024

/s/ Kathlyn Selleck  
CHAPTER 7 TRUSTEE

5