F I L E D
Clerk
District Court
AUG 26 2024
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS
BANKRUPTCY DIVISION

In re

AVELINA SABLAN SALAS and ANTONIO TAITANO SALAS,

Debtors.

Case No. 1:24-bk-00003

**DECISION AND ORDER GRANTING TRUSTEE'S MOTION TO DISMISS**

Before the Court is Chapter 7 Trustee Kathlyn Selleck's ("Trustee") Motion to Dismiss ("Mot.," ECF No. 10) Debtors Avelina Sablan Salas and Antonio Taitano Salas's ("Debtors") Petition (ECF No. 1) for "cause" pursuant to 11 U.S.C. § 707(a) and Federal Rules of Bankruptcy Procedure Rule 1017. The motion is supported by a Declaration of Kathlyn Selleck, the Chapter 7 Trustee in this case. (Mot. 5.)

Trustee noticed a hearing on the Motion (ECF No. 11), and U.S. Trustee Curtis Ching filed a Certificate of Service the next day (ECF No. 13). To date, no party has filed a response or opposition. The Court finds that a hearing on Trustee's Motion is unnecessary pursuant to LBR 9013-1(c)(3).

After reviewing the filings, the Federal Rules of Bankruptcy Procedure, and applicable case law, the Court GRANTS Trustee's Motion and DISMISSES Debtors' voluntary Chapter 7 Bankruptcy Petition.

**I. BACKGROUND**

Debtors filed a voluntary Chapter 7 Bankruptcy Petition (ECF No. 1) and subsequently submitted a list of three known creditors ("Creditors"). (List of Creditors, ECF No. 5.) In the Notice of Chapter 7 Bankruptcy Case (ECF No. 6), the filing identifies that "[n]o property appears to be available to pay creditors." (*Id.*)

At the initial meeting of creditors noticed for and held on June 28, 2024, Debtor Avelina Salas appeared, but Debtor Antonio Salas did not appear. (Notice 1; Mins., ECF No. 8; Selleck Decl. ¶ 3.) The meeting of the creditors was continued to and concluded on July 16, 2024, at which time Debtor Avelina Salas appeared but Debtor Antonio Salas did not appear again. (*Id.*)

## II. LEGAL AUTHORITY

Trustee seeks to dismiss Debtors' Chapter 7 bankruptcy case pursuant to § 707(a) and Federal Rule of Bankruptcy Procedure 1017. "A chapter 7 bankruptcy case may be dismissed 'only for cause.'" *In re Hickman*, 384 B.R. 832, 840 (9th Cir. BAP 2008) (quoting 11 U.S.C. § 707(a)). Section 707(a) provides that a bankruptcy court may dismiss a Chapter 7 proceeding

> only after notice and a hearing and only for cause, including--
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707(a). The three examples of cause in § 707(a) are not exhaustive, but rather illustrative, and courts are not confined to these examples to determine whether sufficient cause exists to dismiss a petition. *In re Hickman*, 384 B.R. at 840 (§ 707(a) list of three examples plainly incomplete).

The Ninth Circuit in *In re Padilla*, 222 F.3d 1184 (9th Cir. 2000), prescribes a two part-inquiry to determine if a court should grant a motion to dismiss under 11 U.S.C. § 707(a) for "cause:"

> First, [the court] must consider whether the circumstances asserted to constitute "cause" are "contemplated by any specific Code provision applicable to Chapter 7 petitions." If the asserted "cause" is contemplated by a specific Code provision, then it does not constitute "cause" under § 707(a). If, however, the

    asserted "cause" is not contemplated by a specific Code provision, then [the court] must further consider whether the circumstances asserted otherwise meet the criteria for "cause" for discharge under § 707(a).

*In re Sherman*, 491 F.3d 948, 970 (9th Cir. 2007) (internal citations omitted).

  Finally, under LBR 2003-1 governing the meeting of creditors, "[t]he trustee . . . may request dismissal of the case for failure of the debtor, joint debtor, or designated responsible individual to attend the meeting of creditors by filing and serving on the debtor and all creditors a motion and notice of hearing." LBR 2003-1(b)(1).

**III. HEARING REQUIREMENT**

  The Court finds that a hearing on the Trustee's Motion is not necessary. Section 707(a) provides that a bankruptcy court may dismiss a Chapter 7 proceeding "only after notice and a hearing and only for cause . . . ." 11 U.S.C. § 707(a). "After notice and a hearing" is defined in the Code and "authorizes an act without an actual hearing if such notice is given properly and if--(i) such a hearing is not requested timely by a party in interest." 11 U.S.C. § 102(1)(B).

  Pursuant to LBR 9013-1 and LR 7.1, an opposition to Trustee's Motion was due no later than fourteen days after her Motion was filed on July 17, 2024. (Mot. 1.) To date, no party has submitted an opposition or response addressing Trustee's Motion.

  LBR 9013-1 instructs that LR 7.1 applies to bankruptcy proceedings unless the court orders, or LBR 9013-1 provides otherwise. LBR 9013-1(a). A motion to dismiss is a hearing motion. *See* LR 7.1(a). For motions that must be set for hearing, "[a]ll responses to the motion and replies must be filed and served in accordance with LR 7.1 and the Federal Rules of Bankruptcy Procedure." LBR 9013-1(c)(2). If no one files a timely response to the motion, the moving party—here the Trustee—may file a declaration and submit a proposed order granting the motion. *Id.* 9013-1(c)(3). The moving party may also request that a matter remain on calendar even if no

/ / /

3

objection is filed by filing a request not later than the deadline for filing a response to the motion. *Id.*

A response to Trustee's Motion was due on July 31, 2024. *See* LR 7.1(c)(2). The Notice of Hearing filed by the Trustee indicates the objections due date and explained the requirement to file a statement explaining any opponent's position. (ECF No. 11.) Although all three Creditors and both Debtors were served with the Trustee's Notice of Hearing of the Trustee's Motion (ECF No. 13), no one has filed a response or opposition to date, and Trustee has not requested that the hearing remain on calendar. *See* 11 U.S.C. § 102(1)(B).

For these reasons, the Court will rule on the papers and address the merits as follows. (ECF Nos. 10-11.)

**IV. DISCUSSION**

Trustee moves to dismiss Debtors' Petition for three reasons: (1) Debtors no longer wish to proceed with their case; (2) Debtors' daughter prepared their schedule and statement of financial affairs, which they did not review prior to signing; and (3) Debtor Antonio Salas did not appear at the meeting of creditors. (Mot. 1.) The Court grants Trustee's Motion because Debtor Antonio Salas failed to attend the meeting of the creditors, Trustee noticed her Motion to the Creditors, and there is no prejudice to the Creditors. Because the Court finds that the third reason constitutes cause, the Court need not address the other two reasons cited by Trustee for dismissal.

Under *Padilla*, the Court is first required to determine if there is another provision of the Bankruptcy Code that contemplates the Trustee's reasons for "cause." *In re Sherman*, 491 F.3d at 970. In this case, there is not another provision of the Bankruptcy Code apart from § 707(a) that contemplates any of the three "causes" that the Trustee asserts justifies dismissal of Debtors' Petition.

Having concluded that the first inquiry is not met, the Court then turns to the second

inquiry. In essence, "the question becomes whether the totality of circumstances amount to § 707(a) 'cause.'" *In re Hickman*, B.R. at 840 (citing *Sherman*, 491 F.3d at 970; *In re Leach*, 130 B.R. 855, 856 (9th Cir. BAP 1991)). LBR 2003-1(b) permits a trustee to request dismissal of a case for failure of a debtor or joint debtor to attend the meeting of the creditors by filing and serving on the debtor and all creditors a motion and notice of hearing. Under Ninth Circuit law, a voluntary Chapter 7 debtor is entitled to dismissal of his or her petition so long as such dismissal will not cause legal prejudice to interested parties. *In re Leach*, 130 B.R. at 857. Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The U.S. Bankruptcy Appellate Panel of the Ninth Circuit and Ninth Circuit bankruptcy courts have found that there is legal prejudice to creditors when considering a motion to dismiss where there is a possibility of payment to unsecured creditors given the present status of the case. *See In re Hall*, 15 B.R. 913, 917 (9th Cir. BAP 1981) (finding some plain legal prejudice existed where, if sustained, objections to debtor's claimed exemptions would provide a payment to unsecured creditors and where creditors did not affirmatively consent to dismissal); *In re Sible*, 95 B.R. 192, 194 (Bankr. D. Mont. 1989) (concluding some legal prejudice existed where trustee had in hand some source of funds to pay claims that were not present on the date debtor filed bankruptcy petition and where unsecured creditors would likely not otherwise receive payment if court dismissed petition).

Here, Debtor Antonio Salas failed to attend the meeting of the creditors as required under LBR 2003-1. (Mins. 1.) Further, Trustee asserts in her Motion that "Creditors will retain all enforcement rights they held prior to the Debtors' Chapter 7 filing. They will not be prejudiced by any dismissal." (Mot. 3.)

Trustee does not, nor does any other party, contend that there are any present possibilities

of payment to the Creditors. In fact, Trustee represents, "there have been no significant steps taken by the Trustee to administer the assets or creditors to pursue claims against the Debtors. . . ." (*Id.*) Trustee only informs the Court of a future course of action to secure funds if the Court were not to grant her Motion. (*Id.* at 2.) Finally, no Creditors have filed any objections in this case or a response to Trustee's Motion.[1]

As such, the Court finds that there is cause for dismissal because Debtor Antonio Salas failed to appear for the meeting of the creditors and that there is no prejudice to the Creditors.

**V. CONCLUSION**

For the foregoing reasons, the Court finds that a hearing on the Motion is unnecessary. After reviewing the Trustee's reasons for "cause" of dismissal, the Court concludes adequate cause has been shown and there is no prejudice to the creditors; therefore, Trustee's Motion to dismiss is GRANTED and this case is ordered DISMISSED. Furthermore, Pursuant to LBR 2003-1, the Court bars the Debtors from filing another voluntary petition for 180 days. LBR 2003-1(b)(1) ("If the case is dismissed, the order may bar the debtor(s) from filing a subsequent voluntary petition for 180 days, pursuant to § 109(g)(1).") In compliance with Federal Rule of Bankruptcy Procedure 2002(f)(2), the clerk shall provide notice by mail to the Debtors, Creditors, and indenture trustees. The case is ordered closed.

                                              RAMONA V. MANGLONA
                                              Chief Judge

---

[1] "The procedures in LR 7.1 apply in bankruptcy proceedings unless the court orders, or this rule, provides otherwise." LBR 9013-1(a). LR 7.1(c)(2) states "[f]ailure to timely file an opposition may be deemed an admission that the motion is meritorious." No party has filed an opposition to the Trustee's Motion.